Good morning, Your Honors. My name is Luis Ayo, and I represent 7937 Song Thrush Trust. I'd like to reserve maybe two minutes for rebuttal, but this is a fairly straightforward case in our opinion as far as service of the issue. The one thing is that we laid out our arguments pretty consistently in the briefing. I don't know if there's anything in particular that you want me to address first. I've got a couple of things I'd like you to address. Okay. Let me ask you. I don't think the facts are in dispute here. The trust had a post office box on the foreclosure deed, right, as is addressed. Yes. Was the trust registered with the Secretary of State? I don't believe so, Your Honor. This is a client that has many, many cases that are represented. They all kind of put the properties in trust. What is the trust? Normally, under state law, trust is a trustee. There is no legal entity unless it's a business trust. If there is a trustee, who is the trustee and how do we know which part of Rule 4 is applicable? I believe it is. You're right. It's not a person, but the trustee would be Ken Burbridge. It would be individuals who own the board. Who is the trustee? Ken Burbridge. Okay. I understand the bottom line. You probably understand it better. A business trust is supposed to register with the Secretary of State and designate a registered agent to serve. This trust did not do that, did it? I don't believe so, Your Honor. From past experience, I don't think they did. Okay. I'm the bank, and I'm trying to figure out how to serve the trust. How would I do that here? There would have been alternative service. That's a very good question. I think you would have, because there's property involved, I think you could have served any person at the property. Wait, let me ask you this. You cite in your brief 4H as being the appropriate rule, but it isn't, correct? Because 4H is for associations and corporations and the like, and this is an individual person, so it would be a different section of Rule 4. I apologize, Your Honor. I didn't quite hear. Did you say 4H? You cite 4H in your briefs as being the rule for service, but, in fact, that doesn't apply if it's an individual person as a trustee, because there is no trust entity unless you're a registered business trust, which you say you are not. And that's a little bit of where this—and I don't want to parse things out, but they should have definitely named the trustee in this case where they could have served the individual. So you're right. In a sense, there is both right in this case, because you're correct that they should have named a trustee and served the trustee individually, which would have effectuated service. How were they supposed to find out who the trustee was? Sorry, the judge could have maybe asked the same question. Go ahead, Judge Horowitz. How were they supposed to find out who the trustee was? Because you failed to register. I don't have a good answer for that, because none of these are—it wasn't registered, you're correct, as a business trust. I don't know if there's a formal requirement to at least add the trust documents, but you're right. I don't know, just by looking on public record, you would have been able to find out who the trustee is. I cut off Judge Ikuda before. I'm sorry. So the Berberidge is a trustee, and apparently he also owns ETK. And so, in fact, the service at the ETK registered agent was a reasonable way to get it into the hands of the trustee. There seems to be a very close connection there. And since we're looking at fair, reasonable, and just to imply that the trust was served, why is that not, since we've established that the trust is actually Mr. Berberidge? I don't know if they actually did serve. I can kind of bring this back to 2017 in May. I handled a lot of these cases for this particular client. And back in that time, we would have been operating under a theory of law or at least a legal landscape that we were winning these cases with these tender issues. So we would have been pretty confident in accepting service for this. And I accepted a number of other lawsuits. So factually, maybe there is some disconnect in terms of actual service, but I can tell you we would have accepted service. But what you would have done or wouldn't have done really doesn't make a difference. Now that we know that BTK is owned by the same person who's the trustee or a related entity, why isn't service on the registered agent of BTK reasonably calculated to give notice to the trust? I don't have a good answer for that, unfortunately. But that's the issue in this case, isn't it? Yes. Up until this point, I didn't know the relationship between BTK and the trustee, which is why I was in it. You could have known, but I didn't. I'm definitely making assumptions as far as just that. We're not making assumptions. You tell me that BTK is controlled by the same person who controls the trust, right? Correct. I have a question in connection with the registered agent for service for BTK, Eastbiz. Is that located then at that same address at 5348 Vegas Drive, or is that a totally different location? That's a different location because I think there are four service registered agents, and they're a registered agent for other entities. Okay, so you're not sure, or you are sure? Can I just take a moment to double-check that address? And I ask that only because the district court issued the summons to that PO box, and they were attempting to serve the trust by serving the registered agent for BTK after they'd done their homework. But I just wondered whether physically this registered agent for service for BTK was at a different or same location. I don't know. I believe they are not. And the only reason I say that is because I did look at originally the addresses, and they weren't the same for the trust. I don't know about BTK. Mr. Aaron, can I ask you an unrelated question to service? Yes. Arlington West came down before you filed your briefs in this case, right? Yes. Why didn't you just also alternatively argue that the judgment should be vacated in light of Arlington West? I think it's a very good question. I think when we briefed it, we probably should have asked for rebriefing. I don't know particularly why this one wasn't. I don't have a good answer. I understand you responded to the clerk's order by saying you'd like it vacated. But I'm trying to figure out whether or not you forfeited the argument by not raising your briefs. I don't have a good answer for that, Your Honor. Do you want to save the rest of your time for rebuttal? Yes, Your Honor. All right. We'll hear from the other side. You're muted, sir. Oh, I'm sorry. Mr. Brenner's muted. Testing. There you go. Sorry. This is my third Zoom call. May it please the court, Darren Brenner on behalf of Bank of North Mellon. The district court correctly denied the trust motion to set aside judgment because the trust failed to show service was improper. And there were really two evidentiary deficiencies with the trust position in this case. First, the trust failed to rebut the bank's evidence that an unauthorized agent was served. And second, the trust also failed to evidence its own claim lack of actual notice. Mr. Brenner, you're assuming it was the trust's burden. Part of my problem with this case is that Judge Acuda has now ferreted out with her questions who the trustee was and who was served. But nobody made a record on any of this. All we have on the record in front of us is that you served the owner of a post office box. Didn't you have some obligation to put something in the record about who you were serving? Well, Your Honor, I think we did the best with the information we have. Since I think as counsel indicated, the trustee was unknown. There was no way to determine who the trust was in this case. And it was the trust itself that used BTK's properties PO box as its own address in the only publicly recorded document. And that is in the record and it's undisputed. There's also undisputed. We've heard it conceded today that the trust and BTK were both owned by Mr. Berberich. How long have you known that? I can't answer that question, Your Honor. As Mr. Aon said, there's been so many cases. I know it now. I can't tell you what I knew. Part of my problem, and I don't want to be too critical of either side, is we get this appeal. And on the record and briefs, we have no idea what the relationship between BTK and the trust is other than they share a post office. Apparently, everybody else in the room, except for the judges, knows about the relationship. And there's nothing on the record or in the briefs about it. And we spent a lot of time, at least I have, trying to figure out what we should do with this. It would have been a very easy case. If anybody had ever told us who the trustee was and the relationship between the trustee and BTK. If I could take one step back, Your Honor. I think just one step back to our position, which is really that this is a case under direct mail services, where we have served an agent where it was reasonable and just to apply the authority on his part to receive service. And that's a direct quote from the case. And the evidence that we presented was the only evidence that we had at the time to present, which was the trust selection to use BTK's PO box. We did allege in our briefing below that on information and belief. And mind you, this is the briefing is a year after service. But we alleged on information and belief that the trust in BTK were both owned by Kenneth Burbrick. We provided deposition testimony for Mr. Burbrick from other cases. But where he said that he owned BTK. And then we have the very substantial fact that the resident agent at that very address for BTK and two separate employees, Ms. Canaz and Ms. Reed. And this is both of this is in the record. Both of them said we are authorized to accept a service on behalf of the trust. I want to ask you about this deposition testimony. Was that in the record before the district judge? Yes. Yes, Your Honor, it was. It wasn't in the excerpts. That's maybe why I couldn't find it. Yeah, it was. It was in the record at about a site. 148 is the deposition testimony. The other thing I wanted to mention, Your Honor, as far as the facts go, this isn't the only instance where the trust that accepted or where the resident agents have accepted service of process for one of Mr. Burbrick's trust. That fact is also undisputed. It was another federal case, 217 CD 544. And, of course, the trust also provided a copy of the complaint to the trust's counsel in this case. So, you know, we presented two declarations, the affidavit of service. In the other case, the affidavit of service for this case was a matter of public record. And the deposition testimony, Mr. Burbridge and the district court found correctly that that made out of the direct mail case. And in response, the trust didn't rebut service or even address direct mail or agency service. The district court noted in its order correctly the trust neglected to make any argument as to how plaintiff's service was improper. Now, the trust does claim on appeal that Ms. Reed was not authorized to receive that service, that she misrepresented her authorization, but that was a waived argument, not raised below. Below, the trust rested on its incorrect beliefs that only the trustee could be served. See direct mail, that's not true. And secondarily, the default judgment was required before a judgment on the merits could issue. That's not true either, and that's the Fireman's Fund case that says if you have an opportunity to litigate and you don't, default judgment is not required. And in the absence of any evidence whatsoever to rebut agency service, the assumption is the district court made, and this is really more of a procedural evidentiary issue, where we have provided evidence, and not a scintillant of evidence. We have provided real evidence. In the absence of any evidence, the only assumption that can be made is that service was completed in this case, which brings me to what I think is an equally, if not more, compelling reason. So am I incorrect? I'm looking at your answering brief, and there's no reference at all in your answering brief to the relationship other than the post office box between BTK and the trust. I don't believe that's correct, Your Honor. I'd have to find it in the brief, and I only say that because I recall reading in the brief that we cited two additional pages in the record other than the one that I gave you. Well, I see that. I'm reading it. It says, produced evidence that the trust's address was the address, produced address that BTK accepted service on behalf of the trust. Oh, I got you. Here it is. Now I finally find it. My mistake. Okay. If I may... Okay, my error, not yours. What I was saying, Your Honor, was that I think an equally, if not more, compelling reason why the district court was correct. The trust failed to evidence its own claimed lack of actual notice. In the briefing, the trust says it can't disprove a negative, but that's not what it was being asked to do. It was simply being asked to provide what evidence it could to support its position. There were a wide array of resources available. The trust could have provided an affidavit from the two employees of the resident agent, Ms. Reed or Ms. Jimenez, who explained why it couldn't be provided. Now that we know that BTK and the trust are owned by the same individual, obviously Mr. Berberich could have made his company, BTK, provide an affidavit saying, I didn't authorize the trust to accept service. It might look a little strange, but they could have done that. Mr. Berberich could have provided an affidavit saying Ms. Reed couldn't accept service, or she wasn't authorized. Mr. Berberich could have attested, I never received a copy of the complaint from Ms. Reed, from BTK, from East Viz, or my own counsel. They could have sought to rebut the evidence that the bank presented, that the same resident agent had accepted service for one of Mr. Berberich's other trusts. If there was a different address for service than this one, they could have provided the trust documents, or they could have again provided an affidavit saying, here was the correct address for service, but the trust didn't even provide the court with a conclusory affidavit saying, I didn't get actual notice. The trust, answering one of the questions you asked earlier, Your Honor, the trust attacks the court's application of burden shifting and the requirement of strong and convincing evidence. And to be clear, the trust didn't attack that standard below, and it was briefed and it was acknowledged in the reply. But to the extent it's theoretically plausible, that this district court would have determined a lesser standard applies with agency service, or under the facts of this case, that discussion is purely academic because the trust provided no evidence whatsoever, and the district court can't accept arguments of counsel alone. And I think if we are willing to revisit the standard today for the first time on appeal, the direct mail case is again instructive. It tells us the determination of whether a given individual is an agent depends on a factual analysis of that person's authority within the organization. The only facts and the only evidence is evidence is required to support facts. The only evidence that was presented in this case was that Ms. Reid was authorized to accept service on behalf of the trust. So even if we want to apply a lesser standard, take out the words strongly convincing and apply a standard reasonable or competent or even minimal evidence, the results are going to be the same here because in the absence of a shred of evidence of improper service, the district court correctly denied the trust motion to set aside judgment. I can see I'm out of time, so I will submit. All right. You have a couple of minutes left for rebuttal. I have a very I had a tough time hearing Mr. I don't know if there's anything specific that the court wants to address based on his argument, but I'm prepared to submit it as well. Any questions? I just have one question, Mr. Ion, are you at the time of this service and efforts that the bank has made? Were you with a firm, Mayor Gutierrez Ion? Yes. And there's a very and if I can explain that because we are both me and Mr. Brenner are both correct in our assertions, because back in 2017, in that time frame, I was in the midst of leaving Mayor Gutierrez Ion and forming my own firm right on May 1st, 2017. It was an extremely ugly partnership dispute. So I'm not I do not doubt that the Aikman firm sent an email to that email address saying, hey, will you accept service? Like you accepted service in these kind of cases? I would have accepted service. But I never but I never got that email because at the time I wasn't with that firm anymore. And that email had not been deactivated. So it's a little it was a little bit of unfortunate kind of confusion at the time. But it did. You know, we're both correct. They probably did send that email to that email address and I never received it. Thank you. I think we have the party's arguments. The case of Bank of New York Mellon, the 7937 Song Thrush Trust is submitted and we're adjourned for this session.
judges: Ikuta, Hurwitz, Tagle